# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

THE MCGRAW-HILL COMPANIES, INC. )
and STANDARD & POOR'S FINANCIAL )
SERVICES, LLC, )
                                        )
      **Plaintiffs,** )
                                          )
v. )        **Case No.** _____
                                          )
ROBERT E. COOPER, JR., in his official )
capacity as the ATTORNEY GENERAL )
OF THE STATE OF TENNESSEE, )
                                          )
      **Defendant.** )

## COMPLAINT

Plaintiffs, The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC, by and through their undersigned counsel, allege as follows:

## JURISDICTION AND VENUE

1.    This is an action for a declaratory judgment and injunctive relief to protect against the Attorney General's threatened violation of Plaintiffs' rights secured by the First Amendment to the United States Constitution as made applicable to the States by the Fourteenth Amendment. This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Civil Rights Act of 1964, 42 U.S.C. §§ 1983 and 1988. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the harm faced by Plaintiffs is threatened in this district and because Defendant resides in this judicial district.

## THE PARTIES

3.     Plaintiff The McGraw-Hill Companies, Inc. ("McGraw-Hill") is a leading financial information and education company organized and existing under the laws of the State of New York with its principal place of business in New York.  Standard & Poor's Financial Services LLC ("S&P"), a wholly-owned subsidiary of McGraw-Hill, is a limited liability corporation organized and existing under the laws of Delaware with its principal place of business in New York.  Standard & Poor's Rating Services, a division of S&P, is a Nationally Recognized Statistical Rating Organization ("NRSRO"), registered with and regulated by the United States Securities and Exchange Commission.

4.     Defendant Robert E. Cooper, Jr. is the Attorney General of the State of Tennessee and is named herein in his official capacity as Attorney General.  As Attorney General, Cooper is the State's chief law enforcement officer and legal advisor.

### Plaintiffs' Credit Rating Activities

5.     At all times relevant hereto, S&P has, among other things, engaged in the preparation and publication of credit ratings that assess the likelihood of the timely repayment of the principal and interest of the debt of various institutions, including governments, municipalities, corporations and other entities.

6.     At all times relevant hereto, S&P also has rated specific securities such as bonds, including structured finance securities.

781283.1

7.     An S&P rating is a predictive opinion as to the future creditworthiness of a company or issuer.  Such a rating is dependent on a subjective and discretionary weighing of complex factors.

8.     Credit ratings are fully protected by the First Amendment.  *Compuware Corp. v. Moody's Investors Servs., Inc.*, 499 F.3d 520 (6th Cir. 2007) ("*Compuware*"); *Jefferson County School Dist No. R-1* v. *Moody's Investors Servs., Inc.*, 175 F.3d 848 (10th Cir. 1999).

### The Attorney General's Letter

9.     By letter dated January 24, 2013, the Attorney General notified Plaintiffs that his office and the Division of Consumer Affairs had been investigating "certain business practices" of McGraw-Hill and S&P and that the Division of Consumer Affairs had reason to believe that Plaintiffs have violated the Tennessee Consumer Protection Act of 1977, Tenn. Code Ann. §§ 47-18-101 et seq. ("Tennessee Consumer Protection Act") with respect to its credit ratings.  A copy of the letter is attached as Exhibit A hereto.

10.     The Tennessee Consumer Protection Act authorizes the imposition of liability for allegedly unfair or deceptive speech without proof that the speaker knew the speech was false or had serious doubts as to its truth.

11.     In its *Compuware* ruling, the United States Court of Appeals for the Sixth Circuit held that ratings are opinions protected by the First Amendment as to which liability may not be imposed absent proof that the rating agency knew that the rating was false or had serious doubts as to its truth.

### COUNT I

12.     Plaintiffs repeat, reallege, and incorporate the allegations of paragraphs 1 through 11 hereof as though fully set forth herein.

3

781283.1

13.     The Tennessee Consumer Protection Act impermissibly punishes speech and commentary protected by the First Amendment to the United States Constitution as made applicable to the States through the Fourteenth Amendment by permitting the imposition of liability without proof that the speech was published with knowledge of its falsity or with serious doubts as to its truth.   Thus, the Tennessee Consumer Protection Act is unconstitutional as applied to Plaintiffs' credit rating activities.

14.     Plaintiffs will suffer irreparable harm if the Defendants pursue action against the Plaintiffs pursuant to the Tennessee Consumer Protection Act inconsistent with the Plaintiffs rights protected by the First Amendment to the United States Constitution as made applicable to the States through the Fourteenth Amendment.

15.     A preliminary and permanent injunction, therefore, are necessary to preserve and protect the rights of the Plaintiffs and to prevent irreparable harm.

WHEREFORE, Plaintiffs pray:

1.     That this Court declare that the Tennessee Consumer Protection Act may not constitutionally be applied to Plaintiffs' credit rating activities.

2.     That this Court issue a preliminary and permanent injunction which prohibit the Defendant from pursuing any action against the Plaintiffs pursuant to the Tennessee Consumer Protection Act inconsistent with the Plaintiffs' rights as protected by the First Amendment to the United States Constitution as set forth above.

3.     That the Court order such other or further relief as it may deem just and proper, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and the costs of this action.

Respectfully submitted this 4th day of February, 2013.

4

WOOLF, McCLANE, BRIGHT,
ALLEN & CARPENTER, PLLC

By: _Kyle Carpenter by LDH w/permission_
W. Kyle Carpenter, BPR No. 005332

Post Office Box 900
Knoxville, Tennessee  37901-0900
(865) 215-1000

Attorney for Plaintiffs

5

781283.1